466    FRANKLIN COUNTY COMMON PLEAS.

Board of Education vs Construction Co. et al. [Vol. 25 (N.S.)

## FAILURE OF A SUCCESSFUL BIDDER FOR A BUILDING CONTRACT TO QUALIFY.

Common Pleas Court of Franklin County.

BOARD OF EDUCATION OF COLUMBUS, V. FEDERAL CONSTRUCTION COMPANY ET AL.*

Decided, 1925.

*Schools—Contracts for New Buildings—Authority of the Board When a Successful Bidder Fails to Enter into a Contract.*

Where contracts for school buildings are awarded to the lowest responsible bidder and said bidder afterward fails to qualify, the board of education is authorized to contract with the next lowest bidder.

*Charles A. Leach* and *John L. Davis,* attorneys for plaintiff.

*Williams, Sinks & Williams* and *Gumble & Gumble,* attorneys for defendants.

SOWERS, J.

The plaintiff, after proper advertisement, on July 26th, 1920, let certain contracts to the defendant, the Federal Construction Company, as the lowest responsible bidder for the construction of the building of the Taylor avenue and the Sullivant avenue Schools, in Columbus, Ohio.

The surety bonds on these building proposals were signed by the defendant, the Maryland Casualty Company and were conditioned, that it guaranteed the full performance of all the conditions specified in the bid made by the Federal Construction Company, and that its principal would enter into a contract with good and sufficient sureties to perform all the labor and furnish all the materials required under such building proposals.

The bidder did not qualify and on August 12th, 1920, a registered letter was sent to the Maryland Casualty Company at Baltomore, Maryland, advising it that the Federal Construction Company had failed to execute the contracts for the work covered by its bids for said buildings; that the contracts would

*Not reviewed by the upper courts.

be let to the next lowest bidders, and that the Federal Construction Company would be held for the damages resulting from its failure to enter into such contracts.

The evidence shows that at the time of mailing this letter a copy was handed to Harry W. Krumm who signed the bid bond for the Maryland Casualty Company as attorney-in-fact. This letter was acknowledged by Mr. Krumm under date of August 13th, 1920. On August 16th, 1920, the Federal Construction Company advised the plaintiff that it could not comply with its bid proposals and asked to be released. Thereupon the board let the contract for the Taylor avenue school to John H. Hina and the contract for the Sullivant avenue school to E. H. Latham Company as the next lowest bidders, and at the same meeting the board refused to release the Federal Construction company on its bid for either building.

The case was tried before the court, a jury being waived, at which time the above facts were given in evidence.

The testimony is to the effect that the cost of labor and materials for school buildings was lower in August and September, 1920, than in July of the same year.

The question involved in the case is whether or not the plaintiff acted within the scope of its authority in letting the contracts to the next lowest bidders after the Federal Construction Company had failed to comply with its proposals. Substantially the same question was submitted to other branches of this court upon demurrers which have been sustained, thereby holding the defendants answerable in damages to the plaintiff. However, at those times the other judges did not have before them the evidence in the case, but this Court is of the opinion that the evidence which the defendants have offered does not release them from their liability on their proposals.

Some question arose about the action of the school board releasing the Federal Construction Company from liability, but direct action was taken by it on August 16th, 1920, to the contrary. The board speaks only by its recorded action, where such record is made in good faith and is free from uncertainty or ambiguity.

468    FRANKLIN COUNTY COMMON PLEAS.

Board of Education vs Construction Co. et al. [Vol. 25 (N.S.)

While it is true, as claimed by defendants' counsel, that an honest effort must be made to minimize damages; no question is raised here that the board did not act in good faith under the statute, but that it did not have the authority to let the contracts to the next lowest bidders, after the lowest bidder failed to qualify. If it had re-advertised for bids it would have released all bidders at any former letting.

Mr. Krumm testified that if the Maryland Casualty Company had been permitted, it could have produced a contractor who would have been ready, willing and able to enter into a contract at the same or a lower price than the one of the Federal Construction Company. The plaintiff had no right of substitution, but the Maryland Casualty Company might have asked to be subrogated to the rights of its principal, when it failed to qualify. Section 7623-6 G. C. provides that the board must accept the lowest responsible bid, and in its discretion may reject all the bids.

One of the conditions of the bond was that the successful bidder should enter into a proper contract and furnish bond required to the satisfaction of the board. The board did award the contracts to the lowest bidder, but it did not prove to be responsible, at least, it was not able to give satisfactory bond.

As stated, the statute provides that the board *may* reject all bids. The proper interpretation of *may* as used here is permissive. It is only construed as *must* where the interpretation of the entire statute requires it; but where there is nothing in the connection of the language or in the sense and policy of the provision to require an unusual interpretation, it is used as merely permissive and discretionary. The duty of the board was to let the contract to the lowest responsible bidder. This was done. If the board had attempted to do otherwise then all bids must be rejected. This, in effect, is the conclusion reached from a careful examination of the opinion of Judge McIlvain, in *Ross* v. *Board of Education*, 42 Ohio State, 374, in so far as it is applicable to the case at bar.

The question in the instant case was not at issue in that case, as shown by the opinion of the court. The board could not

have entered into contracts, *in initio*, to Hina and Latham Company, but there came a time in the negotiations, without any fault on its part, when the lowest responsible bidder proved to be irresponsible; unable to enter the contract, and in fact and in law, it became no bidder at all, because it did not and could not comply with the conditions of its proposals.

Where our courts have passed upon the question akin to the one under consideration here, they have sustained that principle that where, for good cause and without collusion or fraud, the lowest bid is rejected, the next lowest bidder may be accepted. This is based upon the good faith of the parties and is sound public policy.   This rule is sustained in *State* v. *Commissioners,* 26 Ohio State, 531, wherein it is held that "upon the failure of the lowest bidder, at such letting (a public building) to give the required bond, the next lowest bidder, who gives such bond, is entitled to an award of the contract." To the same effect, are *Huston* v. *County Commissioners,* 2 N. P. (N. S.), 582, and *City* v. *Baumer et al.,* 12th C. C. (N. S.), 240, and the same principle is announced in *Bowen et al.,* v. *Commissioners,* 21 O. S., 311.   These authorities are not in conflict with *Ross* v. *Board of Education,* 42 O. S., 374.   None of these cases exactly conform to the case at bar.   With the exception of the Ross case, other statutes were under consideration, but they lay down the rule that when the lowest bidder is properly and legally rejected that the next lowest bid may be accepted.

What the court would have done in the Ross case, *supra,* if the issue had been squarely before it, may be open to conjecture; but it appears from the great weight of authority that the sound rule to follow is that the board did not here transcend its legal authority.   To hold otherwise would open the door to collusion and fraud and would place such power with an irresponsible bidder that he could delay the erection of public building of this character for an indefinite time.

If the county commissioners, under like circumstances, without direct provision of the statute, can exercise the right to reject the lowest bidder and accept the next lowest bidder, it would seem that a board of education, when not forbidden by statute, could exercise a sound discretion in acting likewise.

A sound public policy requires that contracts of this character must be carried forward in the utmost good faith, and such policy demands that where a contractor delays, fails or refuses to enter into a contract for which he has become liable, that he must save his obligee free and harmless because of his default. Any other rule would subvert the best interests of society and might place legally constituted bodies, as quasi public corporations, in a well nigh helpless position.

The court is therefore of the poinion that the plaintiff should recover from the defendants the amount prayed for in its petition.